LEMMON, Judge.
This is a suit for dissolution of a contract of lease of immovable property. The trial court, pursuant to a commissioner’s report, ordered the dissolution, and the lessee appealed. The lessor answered the appeal, complaining of that part of the judgment which granted the lessee’s reconventional demand for the cost of repairing certain casualty damage.
‘The principal issue is whether the lessee violated the lease by materially altering the building or by failing to use the building as a prudent administrator.
I
The building at issue, constructed of masonry block and brick and measuring about 56 feet by 120 feet, had been used as a grocery store and as an office building prior to the lessor’s acquisition. The rear or older section of the one-story structure had 2 X 10 ceiling joists, 16 inches apart, and there was a fixed open stairway leading to the attic, where some of the center of the attic was floored with 1X6 boards or with plywood. The front or newer section of the building had 2X6 ceiling joists, 24 inches apart, and there was little or no flooring in the attic of this section.
After his acquisition the lessor remodeled the building at a cost of $30,000.00 and operated a hardware store from 1967 to 1969. During that time he kept an old checkout counter and numerous rolls of insulation in the front section of the attic and used the floored rear section for storage of garden tools and other hardware items.
In February, 1969 the lessor sold the hardware business to lessee, and the parties contemporaneously entered into a long-term written lease of the building. Among other things the lease described the property as a “one story brick building” and provided that the “Lessee is obligated not to make any additions or alterations whatever to the premises without written permission”.
During his occupancy, the lessee added some flooring to the attic, little by little by placing plywood sheets across the joists, first in the center area of the rear section and then in the center area of the front section, and he eventually used the attic for storage of a considerable quantity of hardware items. Additionally, he had agreed to let the lessor continue storage of the counter and insulation.
In December, 1975 the lessor wrote to the lessee, expressing his concern about the effect of the extensive use of the attic for storage upon “the rafters, the side wall and the roof”. The lessee then rented a storage building and removed some of the items from the attic, but he insisted he had the right to use the attic and continued to store some items there.
In November, 1976 a car ran into the building, and the lessee took immediate steps to shore and secure the building. After the lessor inspected the damage, he notified the lessee that the building, because of the damage, was unfit for occupancy and that the lease was cancelled. He further demanded cancellation on the basis that continued use of the attic for storage had created a danger of collapse. Thereupon, the lessee had an engineer and an architect check the building and had the damage repaired for $1,370.00, which he paid. He also continued to use the attic for storage.
In March, 1977 the lessor filed this suit, seeking dissolution of the lease because the lessee’s use of the attic was a violation of the lease and also made the building unsafe, and further because the lessee had removed a considerable number of purlin studs supporting the roof rafters, which created a hazard and caused some ceiling tiles to become loose.
II
The threshold issue is whether the lessor is entitled to dissolution because the lessee made additions or alterations to the premises.
Although leased as a one-story building, the property (as noted by the commissioner) was obviously intended to provide some attic storage. The simple placing *1323 of plywood sheets on top of the ceiling joists cannot reasonably be construed to constitute a material alteration which was contemplated as grounds for dissolution, at least as long as the structure was not thereby damaged.[1]
On the question of damage or danger caused by attic storage, the lessor presented no expert testimony. The lessee, however, presented a civil engineer and an architect, who calculated that the front and rear sections of the attic could safely support loads of 35 and 20 pounds per square foot respectively and that the existing load was less than five pounds. The experts therefore opined that the limited use for storage was definitely safe and caused no damage.[2]
The lessee’s experts also testified that a Vs-inch crack in the concrete block walls was attributable to improper construction (too long a span without expansion joints). They further considered the loose ceiling tiles normal for a building of that age and observed that the lack of thermal insulation between the joists probably caused expansion and contraction which loosened the tiles.
As to any alteration by removal of purlin studs supporting the rafters of the roof, such removal by the lessee would definitely constitute an alteration that is ground for dissolution. However, although the lessor testified that the missing purlin studs were in place in the attic when the property was leased, the lessee denied that he removed any supports. The commissioner did not resolve this conflict in testimony, noting that the issue was of no moment because the lessee, on the advice of his experts, had installed new studs at his own expense in place of those that were missing.
We decline to declare a dissolution based on the lessee’s removal of the studs. Not only was there no credibility determination by the trier of the fact, but also there was no damage caused by the absence of the braces.[3] Moreover, the fact that the reins-tallation of the studs did not interfere with the lessee’s storage casts doubt on any suggestion that he removed the studs in the first place.
Ill
The judgment on the reconventional demand, awarding the lessee the cost of repairing the damage caused by the automobile, was correct.
The lessor normally would have had the obligation to repair such damage, but refused to do so, claiming the building was “wholly unfit for occupancy”. Not only did the evidence contradict such a statement, but also a person who had worked in the hardware store for both parties testified that the lessor admitted he wanted the lessee out because of the opportunity for a more favorable lease.
For these reasons the judgment of the trial court on the principal demand is reversed, and it is now ordered that plaintiff’s suit be dismissed. The judgment on the reconventional demand is affirmed. Each party is to bear his own costs.

AFFIRMED IN PART, REVERSED AND RENDERED IN PART.

. The lessee always has the obligation of using the thing leased as a prudent administrator and in a manner for which the thing was intended to be used. C.C. art. 2710.

. The architect noted that the only heavy items were those stored in the front section of the attic which the lessee stated belonged to someone else. These items presumably were the counter and rolls of insulation which belonged to the lessor.

.The experts stated that the missing braces caused a 1‘/2-inch deflection in the rafters, but that there had been no damage and there was danger only in the event of a windstorm.